

FILED
2014 Jun-09  AM 11:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## JASPER DIVISION

| | | |
|---|---|---|
| ALISHA GRAVITT, | ) | |
| | ) | |
| Plaintiff; | ) | |
| | ) | |
| vs. | ) | 6:14-cv-00625-LSC |
| | ) | |
| TRAVIS WRIGHT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF OPINION

Alisha Gravitt ("Gravitt") filed a civil rights action in this Court, seeking money damages along with declaratory and injunctive relief under 42 U.S.C. § 1983 ("§ 1983"). All Defendants have filed an answer responding to the claims for money damages, but Defendant Rick Harris has moved to dismiss Gravitt's demands for declaratory and injunctive relief. (Doc. 9.) The motion has been fully briefed, and for the reasons discussed below, it is due to be granted.

## I.    BACKGROUND

Gravitt was incarcerated at the Winston County jail (the "Jail") from May 2012 until June 19, 2012, while she was awaiting trial. Defendants Travis Wright ("Wright") and James Whitman ("Whitman") were employed as corrections officers

at the Jail while Gravitt was held there, and Defendant Rick Harris ("Harris") was the sheriff of Winston County, Alabama.

During her incarceration, Gravitt claims that Wright sprayed her with a powerful "pepper"-type spray known as "freeze" while she was confined to a small holding cell. According to Gravitt, Wright had no justification for spraying her, and he did so only for his own amusement. Additionally, Wright and the other Defendants allegedly exacerbated the effects of the spray by denying her access to adequate ventilation and medical care. Specifically, Wright left Gravitt in the small, poorly ventilated holding cell and did not provide her with a shower or permit her to flush her eyes with water.

In addition to the spraying incident, Gravitt also complains that the Defendants ignored her medical needs while she was incarcerated. She suffers from congestive heart failure and claims that she was denied medical treatment. At one point, Wright allegedly kicked her when she collapsed and told her to "quit faking it." Ultimately, Gravitt was released from the Jail because she needed significant medical treatment. There is no indication that Gravitt has returned to the Jail since her release in 2012.

On April 4, 2014, Gravitt filed her complaint in this Court. She alleges § 1983 claims based on violations of her Eighth and Fourteenth Amendment rights for the

spraying and kicking incidents and deliberate indifference to her medical needs. Gravitt's claims against the Defendants for money damages based on these violations are not at issue. However, Gravitt demands injunctive and declaratory relief against Harris in his official capacity, seeking to have this Court declare a number of policies at the Jail unconstitutional.

## II.   STANDARD OF REVIEW

Standing is an Article III doctrine limiting the jurisdiction of the federal courts to actual "cases" and "controversies." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998). In order to establish standing, a plaintiff "must demonstrate injury in fact, causation, and redressability." *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014). As Gravitt is the party invoking this Court's jurisdiction, she has the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992).

"[E]ach element of standing must be supported 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2136). When raised at the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing."

*America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1327 (11th Cir. 2014). However, a defendant may raise a facial attack upon a plaintiff's standing, and the Court must consider whether the allegations in the complaint, taken as true, support an inference of standing. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

## III.   DISCUSSION

At this stage in the litigation, Harris has raised a facial challenge to Gravitt's standing to pursue declaratory and injunctive relief *only*. Unlike money damages, both declaratory and injunctive relief are forms of prospective relief. *See McGee v. Solicitor Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1325 (11th Cir. 2013) (explaining that "[d]eclaratory relief is by its nature prospective"); *see also Church*, 30 F.3d at 1337 (noting that "injunctions regulate future conduct"). "For a plaintiff seeking prospective relief to have standing, [s]he 'must show a sufficient likelihood that [s]he will be affected by the allegedly unlawful conduct in the future.'" *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265 (11th Cir. 2001).

Turning to the complaint, Gravitt pleaded that she was held in the Winston County jail "[f]rom mid May 2012, until June 19, 2012." (Doc. 1 at 2 ¶ 5.)

Additionally, Gravitt pleaded that she "was released from custody because of her serious medical needs." (*Id.* at 10–11 ¶ 41.) Indeed, Gravitt appears to challenge the Jail release policy. Thus, it is clear from the face of the complaint that Gravitt has been released from the Jail, and she has not included any facts to suggest that she has either returned there since her release or is otherwise likely to return to the jail in the future.[1]

Although Gravitt has pleaded facts to suggest that she was harmed while at the Winston County jail, this would only establish a live controversy on a claim for money damages and not a claim for declaratory or injunctive relief. *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("Equitable relief is a prospective remedy, intended to prevent future injuries. In contrast, a claim for money damages looks back in time and is intended to redress a past injury."). When a prisoner has been held in a jail but is later released or transferred, "[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir.

---

[1] When the Court reviews standing on a Rule 12 motion, it is generally limited to the allegations in the complaint. *See Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (noting that "[o]n defendants' motion to dismiss we must evaluate standing based on the facts alleged in the complaint"). Gravitt attached various documents to her brief in response to Harris's motion to dismiss to support her contention that she has standing. Although the Court does not consider these documents for purposes of this motion, it notes that none of the attached documents, including Gravitt's personal affidavit, suggest that she has returned to the Jail since her release or is likely to return to the Jail.

1984). In addition, Gravitt has not pleaded any facts to suggest that her release was part of an effort to evade this Court's jurisdiction. *See id.* (suggesting that "this court might entertain jurisdiction over [the] claim if there were evidence of efforts on the part of the defendants to evade the jurisdiction of the court").

Moreover, an assertion that one may again be subject to an unconstitutional police policy does not generally give rise to standing. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 104, 103 S.Ct. 1660, 1666 (1983). Indeed, to conclude that Gravitt has standing to seek *prospective* relief based on *future* injury, the Court would have to assume that Gravitt would commit another crime, be charged with that crime, and then be held at the Jail either pending trial or as a result of her conviction. Such assumptions would be purely "conjectural, hypothetical, or contingent." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). Without some facts to suggest that Gravitt is likely to re-offend and be subjected to the procedures at the Winston County jail, the Court will not assume that she is likely to engage in future criminal activity. *Cf. Church*, 30 F.3d at 1337–38 (determining that homeless individuals had standing to seek equitable relief because, unlike in *Lyons*, their status as homeless persons made it likely that they would violate various laws prohibiting them from gathering in public places). Thus, Gravitt has failed to plead sufficient facts to suggest that she faces the

*future* injury needed to establish standing in order to seek declaratory or injunctive relief.

Finally, Gravitt contends in her brief opposing the motion to dismiss that the Court should either allow discovery on the issue of standing or grant leave to amend the complaint. As to the request for jurisdictional discovery, such request is due to be denied because the plaintiff has not established a *prima facie* case that suggests the Court would have jurisdiction. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.").[2]

Similarly, the Court should not grant leave to amend the declaratory and injunctive relief claims because it appears that the proposed amendments would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (noting that amendment is futile when a complaint would still be appropriately dismissed as amended). Gravitt only seeks leave to amend in order "to set forth with particularity

---

[2] The Court also notes that Gravitt "never formally moved the district court for jurisdictional discovery but, instead, buried such requests in [her] briefs." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009).

which policies of the Winston County Sheriff the Plaintiff alleges are unconstitutional." (Doc. 12 at 6.) However, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, [though] it often turns on the nature and source of the claim asserted." *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206 (1975) (internal citation omitted). Thus, even if Gravitt could clearly identify each policy at the jail that she wishes to challenge, without likely future contact with the jail she would *still* lack standing to seek declaratory or injunctive relief. In order to prospectively challenge these policies or customs, Gravitt would have to plead facts to suggest that she faces likely incarceration in Winston County in the future. She has not suggested such facts, and thus dismissal without prejudice is appropriate. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234–35 (11th Cir. 2008) (noting that when a federal court lacks standing it should dismiss the claim without prejudice).

## IV.  CONCLUSION

For the reasons stated above, Harris's motion to dismiss Gravitt's demands for declaratory and injunctive relief is due to be granted. (Doc. 9.) These demands will be dismissed without prejudice. A separate order consistent with this opinion will be entered.

Done this <u>9th</u> day of <u>June 2014</u>.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256